L. B. Sumrow v. The· State.

No. 13406.   Delivered October 15, 1930.
Reported in 31 S. W. (2d) 823.

The opinion states the case.

*Morgan & Morgan* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for swindling, predicated on the giving of an alleged worthless check for $62.50; punishment assessed was confinement.in the penitentiary for two years.

The check was dated September 17th, 1929, and drawn against the First National Bank of Merit in favor of J. T. Terrell in payment of hogs purchased by appellant from Terrell. Appellant had no money in the bank to meet the check. He had formerly done business with said bank, but had no relations with it since June, 1925, at which time his balance was 97 cents. This was all he had to his credit when the check was given.

Appellant did not testify. His defense developed through the testimony of his brother, Fred Sumrow, who claimed that appellant had loaned him $70.00 in July; that about the 12th of September appellant came to see witness and requested re-payment of the loan; that witness told appellant he could not pay him then but would have it the latter part of the week when he got out a bale of cotton,

and would deposit $70.00 to appellant's credit in the Merit bank; that on account of his hands quitting him he failed to get the bale of cotton out at the time he expected, and when he did do so he did not make the deposit to appellant's credit as promised, but paid it on a note which witness owed at the bank. George Sumrow, another brother, claimed to have been with appellant and heard Fred Sumrow promise to deposit the $70.00 to appellant's credit.

Bills of exception three and four present no error and demand no discussion.

Complaint is brought forward in bill number one because upon cross-examination of Fred Sumrow the state's attorney asked if he did not know that appellant had been fined in Hunt County a number of times for giving "hot checks," and if he did not know appellant gave a check for $190.00 in Dallas recently, and that the officers from there were after him. The witness answered both these questions in the negative. It is contended that the questions themselves were improper in view of the fact that appellant did not testify, and his reputation was in no way made an issue. We find it unnecessary to discuss the bill further than to refer to the statement of facts from which it appears that without objection the witness gave evidence as follows:

"No, I am not going to tell the jury that is the only bad check I ever knew of L. B. Sumrow (appellant) giving; I have known of him giving several. I know he paid a fine for giving one hot check."

In this state of the record it is unnecessary to inquire whether the questions objected to related to other checks the giving of which would tend legitimately to throw light on the intent with which appellant gave the check upon which the prosecution is based. Moore v. State, 87 Tex. Cr. R. 77, 219 S. W. 1097.

Bill number four presents error for which the cause must be reversed. It appears therefrom that in the coss-examination of Fred Sumrow the following occurred. The state's attorney asked the witness, "You helped the defendant pay a fine for stealing chickens this year didn't you?" Witness answered, "No, sir." The state's attorney then asked, "You knew the defendant plead guilty to stealing chickens didn't you?" Witness again answered, "No, sir." Objection was interposed to the inquiry on the ground that it related to a matter not involved in the present case, and because appellant's reputation was not in issue. The objections were overruled. The form of the questions was equivalent to an assertion

by the state's attorney that appellant had plead guilty to theft of chickens. This could not have been other than harmful. We have been unable to perceive any ground upon which the inquiry was permissible. Appellant did not testify, hence it was not admissible for impeachment. It was in effect getting before the jury proof of the commission of another crime by appellant which threw no light on the intent with which appellant gave the check upon which the prosecution was based, hence not admissible under the rule that other offenses may be shown where it tends to show intent when that is an issue. (See Sec. 166, Branch's Ann. Tex. P. C.) We have not discovered the presence of any exception to the general rule excluding proof of other crimes.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*